UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY AVILA,

                     Plaintiff,

            -against-

ACACIA NETWORK, INC.; TREVOR GRIFFITHS,

                     Defendants.

23 Civ. 7834 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff brings this *pro se* action asserting claims of disability-based discrimination and retaliation under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and under state law. By order dated September 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

SO ORDERED.

Dated: June 4, 2024
       New York, New York

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Acacia Network, Inc.
   300 East 175th Street
   Bronx, N.Y. 10475

2. Trevor Griffiths
   Program Director, PMP, CoC, HASA
   974 Prospect Avenue
   Bronx, N.Y. 10459