UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIMMY AVILA,

                                        Plaintiff,

                    -v-

ACACIA NETWORK, INC. *et al.*,

                                        Defendants.

---

23 Civ. 7834 (PAE)
23 Civ. 10260 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

This decision resolves parallel motions to dismiss filed in two related housing-

discrimination cases, 23 Civ. 7834 (the "September Action") and 23 Civ. 10260 (the "November

Action"). Plaintiff Jimmy Avila, proceeding *pro se*, sues ACACIA Network, Inc. ("ACACIA")

and its employees, Aja Douglas and Trevor Griffiths (collectively, the "ACACIA defendants");

1212 Grant Realty, LLC and its employee, Manny Stein (collectively, the "Grant Realty

defendants"); and Caren Abate, an employee of the New York State Office of Mental Health.

Avila brings, in the September Action, claims against ACACIA and Griffiths for

(1) failure to accommodate his disability under the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101 *et seq.*; the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; the New

York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*; and the New York

City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8–107; (2) retaliation under

the ADA, FHA, NYSHRL, NYCHRL, and the New York Real Property Law

("NYSRPL"), §§ 223-b, 235-b; and (3) intentional and negligent infliction of emotional distress.

In the November Action, Avila brings claims against ACACIA, Douglas, the Grant Realty

defendants, and Abate for (1) retaliation under the FHA, NYSHRL, NYCHRL, and NYSRPL;

(2) disability discrimination under the ADA and FHA; and (3) intentional infliction of emotional distress ("IIED").

Before the Court are the March 28, 2025 and April 3, 2025 Report and Recommendations (respectively, the "March Report" and "April Report"; and collectively, the "Reports") of the Hon. Katharine H. Parker, United States Magistrate Judge, recommending that the Court dismiss both actions under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court adopts both Reports in full.

## I.    Background

### A.    Factual Background

The Court incorporates by reference the Reports' respective accounts of the facts and procedural history. The following summary captures the limited facts necessary for assessment of the issues presented.

Avila is diagnosed with schizoaffective disorder. March Report at 1; April Report at 1. At the time he filed this action, he was a tenant in a community-based supportive housing program managed by ACACIA, located at 1212 Grant Avenue in the Bronx, New York. March Report at 1–2; April Report at 1.

1212 Grant Realty is the owner and lessor of the unit rented by Avila; Stein is an employee of 1212 Grant Realty. March Report at 1. Griffiths is a former ACACIA employee. April Report at 1. Douglas is an employee of an ACACIA affiliate. March Report at 2. Abate is an employee of the New York State Office of Mental Health. *Id.*

Avila claims in the September Action that defendants knew or reasonably should have known about his schizoaffective disorder, and that his disability qualified him for a "reasonable accommodation" in the form of a transfer from an apartment that was "uninhabitable," "moldy,"

and "adversely affecting his health." April Report at 2. Avila alleges that he suffers from chronic rhinitis and rhinosinusitis, conditions that are "worsened by exposure to molds and mildew." *Id.* He also claims, in the November Action, that defendants unlawfully terminated his tenancy on the ground that he filed lawsuits against them.[1] March Report at 2. The respective complaints, as the Reports note, are devoid of factual details, including as to the extent to which defendants were aware of his purported disability or the dates on which any of the alleged events occurred. *See id.* at 3; April Report at 2.

**B.    Procedural History**

***The September Action* (23 Civ. 7834)**:  On September 1, 2023, Avila filed the Complaint. Dkt. 1 ("Sept. Compl."). On June 2, 2024, the case was reassigned to this Court. Dkt. 5. On June 27, 2024, the case was referred to Judge Parker for general pretrial supervision. Dkt. 10. On October 18, 2024, the ACACIA defendants filed a motion to dismiss, Dkt. 29, which the Court referred to Judge Parker, Dkt. 40. On January 17, 2025, Avila opposed. Dkt. 43. On February 7, 2025, the ACACIA defendants replied. Dkt. 45. On April 3, 2025, Judge Parker issued the April Report, Dkt. 48, recommending that the Court dismiss the action without prejudice for failure to state a claim. No objections were filed.

***The November Action* (23 Civ. 10260)**:  On November 21, 2023, Avila filed the Complaint. Dkt. 1 ("Nov. Compl."). On June 21, 2024, this Court accepted the case as related to the September Action. Dkt. 6. On August 6, 2024, the Court referred the matter to Judge Parker for general pretrial supervision. Dkt. 10. On September 16, 2024, Abate filed a motion to

---

[1] The March Report notes that "[p]laintiff has filed approximately seventeen other lawsuits against the Acacia Defendants and/or their affiliates and employees relating either to the Grant Avenue Apartment at issue in this case or the College Avenue apartment where Plaintiff currently resides. Many of the cases have been dismissed, a few have settled, one was withdrawn, and a few remain pending." March Report at 4.

dismiss. Dkt. 17.  On October 18, 2024, ACACIA and Douglas filed a motion to dismiss and

motion for a leave-to-file sanction against Avila.  Dkts. 27–28.  On December 19, 2024, Avila

filed an opposition to both motions.  Dkt. 44.  On February 14, 2025, ACACIA and Douglas

replied, Dkt. 50, but Abate did not file a reply.  On February 26, 2025, Avila filed what appears

to be a second opposition.  Dkt. 55.  On March 28, 2025, Judge Parker issued the March Report,

recommending that the action be dismissed for failure to state a claim, and that a districtwide

filing sanction against Avila be imposed.  Dkt. 57.  On May 14, 2025, ACACIA and Douglas

filed an objection to the March Report.  Dkt. 64.  On May 23, 2025, after an extension, Avila's

objections to the Report were filed.  Dkt. 66.

## II.    Applicable Legal Standards

### A.    Report and Recommendation

In reviewing a report and recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected

to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To

accept those portions of the report to which no timely objection has been made, "a district court

need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*,

No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel

Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F.

Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

Where the objecting party makes only conclusory or general objections, or simply

reiterates the original arguments, the court will review the report and recommendation strictly for

clear error. *See Dickerson v. Conway*, No. 8 Civ. 8024, 2013 WL 3199094, at *1 (S.D.N.Y.

June 25, 2013); *Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases).

Courts "generally do not consider new evidence raised in objections to a magistrate judge's

report and recommendation." *Tavares v. City of New York*, No. 8 Civ. 3782, 2011 WL 5877548,

at *2 (S.D.N.Y. Nov. 23, 2011). "[N]ew arguments and factual assertions cannot properly be

raised for the first time in objections to the report and recommendation, and indeed may not be

deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, 12 Civ. 3774, 2014 WL 2440771,

at *5 (S.D.N.Y. May 30, 2014); *Layne v. Capra*, No. 17 Civ. 6736, 2018 WL 5255171, at *1

(S.D.N.Y. Oct. 22, 2018).

### B.    Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must assume all well-pled facts

to be true, drawing all reasonable inferences in favor of the plaintiff. *See Roe v. St. John's Univ.*,

91 F.4th 643, 651 (2d Cir. 2024). Where a complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of

entitlement to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Nor does a complaint suffice if

it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 557).

*Pro se* plaintiffs are not excused from these pleading standards. *See Legeno v. Corcoran

Grp.*, 308 F. App'x. 495, 496 (2d Cir. 2009); *Jenkins v. N.Y.C. Dep't of Educ.*, No. 10 Civ. 6159,

5

2011 WL 5451711, at *3 (S.D.N.Y. Nov. 9, 2011) (*pro se* status "does not . . . excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure"). However, a *pro se* plaintiff's complaint must be construed liberally, *see Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and interpreted as raising the strongest arguments it suggests, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

## III.    Discussion

### A.    The September Action

As no party has submitted objections to the April Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions. The April Report is therefore adopted in its entirety. Because the Report explicitly states that "Plaintiff shall have seventeen days and Defendants shall have fourteen days . . . to file written objections" and that "failure to file timely objections shall result in a waiver of those objections for purposes of appeal," April Report at 21, the parties' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

### B.    The November Action

The March Report recommends dismissal of all claims[2] brought in the November Action. The Court adopts that recommendation.

---

[2] The November Complaint contains "no allegations whatsoever" concerning defendant Abate, March Report at 12; accordingly, all claims against her are dismissed. In any event, as the Report notes, to the extent Avila seeks to sue Abate in her official capacity, those claims would be barred by the Eleventh Amendment. *See* March Report at 19 (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Hans v. Louisiana*,

### 1.    Retaliation

The FHA, NYSHRL, NYCHRL, and NYSRPL each prohibits retaliation against individuals who assert rights under these statutes. *See* 42 U.S.C. § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, . . . any right granted or protected by" the FHA antidiscrimination provisions); N.Y. Exec. Law § 296(7) (unlawful to "retaliate or discriminate against any person because he or she has opposed practices forbidden under [the statute]" or filed a complaint); N.Y.C. Admin. Code § 8-107(7) (prohibiting retaliation against any person who has "opposed any practice forbidden under this chapter," including filing a complaint or initiating a civil action); NYSRPL § 223-b ("No landlord of premises or units . . . shall . . . commence any action to recover real property . . . in retaliation for," *inter alia*, "good faith [] action to secure or enforce against the landlord or his agents any rights under the lease or rental agreement"). Avila claims that, as a result of his filing three lawsuits against the ACACIA and Grant Realty defendants, defendants retaliated against him by terminating his tenancy. Nov. Compl. ¶ 1.

---

134 U.S. 1, 15 (1890) (federal suits against state governments and their officials are barred under the doctrine of sovereign immunity)).

Although the Grant Realty defendants were served, *see* Dkt. 26, they have not appeared in this action. The Report nevertheless recommends dismissal of the claims against the non-appearing defendants, because the reasons for dismissal of the claims against the moving defendants equally apply to them. *See* March Report at 16 n.5 (quoting *Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 156 (S.D.N.Y. 2024) ("A district court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted, as long as the plaintiff is afforded an opportunity to be heard." (cleaned up)); *see also E.A. Sween Co., Inc. v. A&M Deli Express, Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (magistrate's report and recommendation constitutes requisite notice and opportunity to be heard); *In re Parmalat Sec. Litig.*, 377 F. Supp. 2d 390, 415 n.166 (S.D.N.Y. 2005) (sua sponte dismissing claim against non-appearing defendants).

Avila's November Complaint, however, fails to identify any causal connection between his filing of a lawsuit and the termination of his tenancy. *See* March Report at 8. Indeed, the facts pled undermine the notion that the ACACIA defendants were responsible for the termination of Avila's tenancy. The ACACIA defendants were not Avila's landlords, *see id.* at 13, and the termination notice was signed by Stein as a representative of 1212 Grant Realty LLC, *see id.* at 9. As to the Grant Realty defendants, two of the lawsuits at issue were filed in 2018 and 2021, several years before the 2023 termination of plaintiff's tenancy. *See* March Report at 10. Causation cannot be inferred from this large a temporal gap. *See Dodd v. City Univ. of New York*, 489 F. Supp. 3d 219, 247 (S.D.N.Y. 2020) ("Generally, to show causation through temporal proximity alone, courts in this Circuit require no more than two months to have passed between a protected activity and an adverse action."). As to the third lawsuit, a small-claims suit filed in 2023, the Complaint nowhere alleges that the Grant Realty defendants were aware of the small-claims court lawsuit at the time Avila's tenancy was terminated. As Judge Parker noted, the record reflects that notices of that action were mailed on the same day Avila's tenancy was terminated. *See* March Report at 11 ("It is unlikely 1212 Grant Realty LLC or Mr. Stein received notice of the small claims action on the same day it was mailed." (citing *Snyder v. Perry*, 14 Civ. 2090, 2015 WL 1262591, at *12 (E.D.N.Y. Mar. 15, 2015) (adverse actions taken prior to protected activity are not retaliatory)). Given the absence of any allegations that would suggest that the Grant Realty defendants were aware of the lawsuit before Avila's eviction, the Report was clearly correct to recommend dismissal of those claims for failure to allege a causal connection between the protected activity and the termination of the tenancy. *See id.* at 8–10; *see also Wise v. JPMorgan Chase*, No. 21 Civ. 3718, 2023 WL 5575889, at *3 (S.D.N.Y.

Aug. 29, 2023) (although courts have a duty to liberally construe *pro se* pleadings, a court cannot "create facts or craft plaintiff's legal arguments for it." (cleaned up)).

### 2.    Discrimination

Although the November Complaint does not expressly bring claims for disability discrimination under the ADA and FHA, construed liberally, it can fairly be read to do so. *See Triestman*, 470 F.3d at 471 (*pro se* complaints to be construed liberally and interpreted as raising the strongest arguments they suggest). Those statutes guarantee "reasonable accommodations" for individuals with disabilities. *See* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."); *id.* § 3604(f)(3)(A) ("[D]iscrimination includes . . . a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied . . . if such modifications may be necessary to afford such person full enjoyment of the premises[.]").

These claims are rightly dismissed because the facts pled do not support the inference that, to the extent the ACACIA defendants were even aware of Avila's disability, they discriminated against him on the basis of it. *See* March Report at 15–16 (collecting cases); *see also Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, No. 16 Civ. 6795, 2017 WL 4286658, at *9 (S.D.N.Y. Sept. 26, 2017) (ADA claim dismissed where allegations "amount to nothing more than conclusory statements of discrimination, which are insufficient to state a claim [under the ADA]"); *Sneed v. City of N.Y. Dep't of Parks & Recreation*, No. 10 Civ. 299, 2011 WL 4542960, at *3 (S.D.N.Y. Sept. 30, 2011) (ADA claim dismissed where plaintiff made only unsupported and conclusory disability discrimination allegations); *Palmer v. Fannie Mae*, 755 F.

App'x 43, 46 (2d Cir. 2018) (affirming dismissal of FHA discrimination claim where complaint included only conclusory allegations of discrimination); *Snyder*, 2015 WL 1262591, at *11 (same). The Court adopts the March Report's recommendation to dismiss these claims.

### 3.    Intentional Infliction of Emotional Distress

Avila brings an IIED claim on the ground that defendants' "ongoing discrimination and retaliation" caused plaintiff "apprehension, fear, anxiety attacks, and severe emotional distress." Nov. Compl. ¶ 30 (cleaned up).  To prevail on a claim of IIED under New York law, a plaintiff must allege that the defendant "(1) engaged in extreme and outrageous conduct, (2) intended to cause, or in disregard of a substantial probability of causing, severe emotional distress, (3) a causal connection between the conduct and injury, and (4) severe emotional distress." *Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 376–77 (S.D.N.Y. 2012). Liability attaches only where the alleged conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999).

The alleged offensive conduct at issue here—housing discrimination and retaliation—is, as a matter of law, not sufficiently "extreme" and "outrageous" so as to meet the "very high standard" for pleading an IIED claim.  March Report at 12–13 (collecting cases); *see also Avila v. 1212 Grant Realty, LLC*, No. 18 Civ. 7851, 2019 WL 4805333, at *3 (S.D.N.Y. Sept. 30, 2019) ("Sending eviction notices or filing an eviction action, even when the validity of the eviction is contested, does not meet th[e] very high [IIED] standard."); *Rutty v. Krimko*, 17 Civ. 6090, 2018 WL 1582290, at *5 (E.D.N.Y. Mar. 30, 2018) (same); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 270 (E.D.N.Y. 2009) (defendants' "fail[ure] to provide the requested accommodations and bringing retaliatory eviction proceedings" not "so outrageous in character

and so extreme in degree" as to support IIED claim). The Court thus adopts the March Report's recommendation to dismiss this claim.

### 4.    Guardian Ad Litem Request

Avila, finally, requests that the Court appoint him a guardian ad litem. Dkts. 43, 51. Such appointments are "triggered by 'actual documentation or testimony' of the pro se litigant's mental incompetency[.]" *Davis v. Taylor*, No. 20 Civ. 4610, 2022 WL 1556122, at *3 (S.D.N.Y. May 16, 2022) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 n.4 (2d Cir. 2003)). Qualifying documentation includes "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent[.]" *Lewis v. Newburgh Hous. Auth.*, 692 F. App'x 673, 674 (2d Cir. 2017) (citing *Ferrelli*, 323 F.3d at 201).

Judge Parker denied Avila's request for failure to supply such evidence. *See* March Report at 30–31 ("There is no indication in the record that Plaintiff has been adjudicated incompetent by a court or public agency."). Judge Parker noted, further, that Avila had appeared "virtually for a case management conference in November of 2024," and was "responsive, comprehensible, and seemed to understand the nature of the proceedings." *Id.* at 31. The Court thus adopts Judge Parker's recommendation to deny the requested appointment. *See Davis*, 2022 WL 1556122, at *3–4 (denying request for a guardian ad litem even though plaintiff had been previously found incompetent during a criminal trial); *Williams v. New York State Off. of Mental Health*, No. 10 Civ. 1022, 2011 WL 2690088, at *6 (E.D.N.Y. Apr. 25, 2011) (denying guardian ad litem request where plaintiff's "written submissions in this case overall are no less organized

or comprehensible than the submissions typically made by competent non-lawyers who litigate on their own behalf," which "indicate an ability to identify and seek to vindicate his interests in this case").

### 5.    Avila's Objections

Avila makes several arguments in his objections to the March Report, *see* Dkt. 66, including that (1) he is eligible for guardian ad litem protection due to his "numerous . . . health impairments"; (2) the lawsuits he filed are not frivolous and a filing injunction is unnecessary; (3) he attempted suicide as a result of the eviction; (4) defendants' counsel perjured themselves by attesting in a sworn statement that Griffiths no longer works for ACACIA; and (5) sanctions and a temporary restraining order should be filed against defendants. *See id.* at 2–4. But Avila's perfunctory objections do not attempt to rebut—they do not even address—the analysis in Judge Parker's Report. *See Layne*, 2018 WL 5255171, at *1 ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." (citation omitted)). And even were the Court to accept as true Avila's representations, such would not disturb the Report's reasoning and conclusions, which, as reflected above, the Court finds persuasive. The Court therefore rejects the objections as immaterial to the Court's outcome. *See Wilson v. City of New York*, No. 15 Civ. 7368, 2017 WL 2693599, at *2–3 (S.D.N.Y. June 19, 2017) (same); *Blue Angel Films Ltd. v. First Look Studios, Inc.*, No. 8 Civ. 6469, 2012 WL 600595, at *2 (S.D.N.Y. Feb. 23, 2012) (same); *Moni v. Lape*, No. 5 Civ. 4180, 2006 WL 2350008, at *2 (S.D.N.Y. Aug. 15, 2006) (same).

### C.    Leave-to-File Sanction

The ACACIA defendants separately moved for a filing injunction against Avila that would bar him from filing lawsuits against ACACIA and its affiliates in federal and state courts nationwide. *See* Dkt. 29. To date, Avila has filed, putting aside the two matters resolved here, 17 lawsuits against ACACIA and its affiliates in various New York courts. *See* March Report at 4. Judge Parker recommended granting the request only in part, concluding that a "narrower" leave-to-file injunction limited to civil actions against the ACACIA defendants brought within this District was appropriate. *See* March Report at 1, 29 (citing *Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996) (scope of filing injunction must be "appropriately narrow"). The ACACIA defendants object to this portion of the Report on the ground that, given the number of frivolous cases brought against defendants in state and federal courts throughout New York, a broader injunction including "actions filed in any federal, state, or local court within New York," including state agencies, is necessary. Dkt. 64 at 2–3.

The Court declines, at this time, to expand the recommended filing injunction. That is because the Second Circuit has cautioned that "principles of federalism and comity counsel against" broadly drawing such sanctions. *Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 53 (2d Cir. 2018); *In re Martin-Trigona*, 737 F.2d 1254, 1262–63 (2d Cir. 1984) ("It is our independence from other branches of government which is the source of our power to enjoin [litigants], but that very independence militates against extension of the terms of the [leave-to-file] injunction to state courts."). The Court thus adopts the Report's recommendation and issues an "appropriately narrow" filing injunction that enjoins Avila from filing civil actions in this District against any ACACIA defendant without first obtaining leave-to-file from this Court. *Bronkovic*, 83 F.3d at 45; *see also Sa v. Does*, 406 F.3d 155, 158 (2d Cir. 2005) (district courts

"may impose sanctions, including restrictions on future access to the judicial system" where a litigant "has a history of filing vexatious, harassing, or duplicative lawsuits" (citation omitted)).

## CONCLUSION

For the foregoing reasons, the Court adopts the Reports in full and dismisses both suits. The Court grants Avila leave to amend insofar as he has not yet had such an opportunity. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (counseling against dismissal of *pro se* complaint without leave to amend "at least once" where "a valid claim might be stated" (citation omitted)).[3] The Court separately grants defendants' request for a filing injunction barring Avila from filing civil actions in this District against ACACIA or any of its affiliates without obtaining prior leave of Court. The Court respectfully directs the Clerk of Court to mail a copy of this decision to Avila at the address on file and to terminate all pending motions.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: August 6, 2025
New York, New York

---

[3] Leave to amend is not granted as to any claims against Abate in her official capacity. As discussed *supra*, any such claim is barred under the Eleventh Amendment, *see Hans*, 134 U.S. at 15, and would thus be futile, *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend need not be granted to *pro se* plaintiff where such would result in futility).

14