UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY AVILA, ET AL., <br><br> Plaintiffs, <br> -against- <br> DANISHA DAVIS, ET AL., <br><br> Defendants. | 25-CV-3316 (PAE) (KHP) |
| JIMMY AVILA, <br><br> Plaintiff, <br> -against- <br> ACACIA Network, et al., <br><br> Defendants. | 23-CV-10260 (PAE) (KHP) <br><br> 23-CV-7834 (PAE) (KHP) <br><br> ORDER |

KATHARINE H. PARKER, United States Magistrate Judge:

Plaintiff Jimmy Avila brings these actions *pro se*.[1] Attached to the complaint in case number 25-CV-3316 is an April 11, 2025 order issued by the Honorable Omer Shahid of the New York City Civil Court, Housing Part, County of Bronx, in an action that Mr. Avila filed in that court against 1412 Col LLC, which is also a defendant in case number 23-CV-3316. In the order, Judge Shahid determined that Mr. Avila is "unable to effectively defend [his] right and protect [his] interests" with respect to that action, and appointed Stuart Adler as a guardian *ad litem* ("GAL") to represent Mr. Avila in that action.

Mr. Avila commenced the action in case number 25-CV-3316 on April 18, 2025, and that action is currently pending. By order dated August 6, 2025, District Judge Paul A. Engelmayer

---

[1] Plaintiff Mezie Oduka is also a plaintiff in the action pending under docket number 25-CV-3316.

adopted this Court's report and recommendation, dismissing the actions in case numbers 23-CV-10260 and 23-CV-7834, and granting Mr. Avila leave to amend his complaint. ECF 1:23-CV-10260, 68 (S.D.N.Y. Aug. 6, 2025); ECF 1:23-CV-7834, 53 (S.D.N.Y. Aug. 6, 2025).

Rule 17(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c); *see also Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *1 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The duty to consider whether Rule 17(c) applies arises if "a court were presented with evidence from an appropriate court of record . . . indicating that the party had been adjudicated incompetent." *Ferrelli*, 323 F.3d at 201.

In light of Judge Shahid's finding that Mr. Avila is unable to protect his own interests, and his appointment of Mr. Adler as a GAL to represent Mr. Avila in his housing court case against 1412 Col LLC, the Court directs Mr. Adler, whom the Court understands to be a licensed attorney in the State of New York, to advise the Court no later than 14 days from the date of this order, as to (1) whether the scope of his guardianship of Mr. Avila extends to litigation of the actions pending before this Court; and (2) if so, whether he intends to pursue the claims on Mr. Avila's behalf, or, if his guardianship does not so extend, whether, in the event this Court determines Mr. Avila to be incompetent under Rule 17, he is willing to be appointed by this Court as Mr. Avila's GAL for the purposes of pursuing the action pending under case number 25-CV-3316 and/or filing an amended complaint in the actions pending under case numbers 23-CV-10260 and 23-CV-7834.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiffs, and to Mr. Adler via U.S. Mail at 245 8th Avenue, Ste 121, New York, N.Y. 10011-1607, and email at STUCRAIGADLER@AOL.COM.

SO ORDERED.

Dated:  August 12, 2025
        New York, New York

*Katharine H Parker*

KATHARINE PARKER
United States Magistrate Judge